IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KOFI BOATENG,   :  | |
| :  | |
| Plaintiff,   :  | |
| :  | |
| v.   :  | CIVIL ACTION NO. |
| :  | 1:11-CV-00142-RWS |
| MORRISON MANAGEMENT   :  | |
| SPECIALISTS, INC.,   :  | |
| :  | |
| Defendant.   :  | |
| :  | |

## **ORDER**

This case comes before the Court on Plaintiff's Motion to Remand [5]. After considering the record, the Court enters the following Order.

### **Background**

Plaintiff Boateng was employed by Morrison Management Specialists ("Morrison") beginning in August 2005 as a Human Resources Liaison and Office Manager. (Dkt. [1-1] at ¶ 5). During the second week of October, 2009, Plaintiff informed his supervisor at Morrison that he had been summoned for jury duty in Tennessee from November 16 through November 27, 2009. (Id. at ¶ 6). On November 13, 2009, upon request by his supervisor, Plaintiff provided

his jury duty documentation. (Id. at ¶ 13). On December 17, 2009, after Plaintiff was unable to produce further documentation as to his jury duty, Defendant terminated Plaintiff's employment. (Id. at ¶¶ 9-10). Plaintiff then filed his Complaint in the Superior Court of Fulton County, Georgia on December 14, 2010, alleging violations of O.C.G.A. § 34-1-3, defamation, and defamation *per se.* Plaintiff requested unspecified damages. Id.

On January 18, 2011, Defendant filed a Notice of Removal, removing Plaintiff's Complaint to this Court. Defendant alleges that this Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1446. (Dkt. [1] at ¶¶ 9-11). Defendant argues that if Plaintiff prevails on his allegations, the damages Plaintiff seeks will be in excess of $75,000. (Id. at ¶ 5).

## Discussion

A defendant may only remove an action from state court if the federal court would possess original jurisdiction over the subject matter. 28 U.S.C. § 1441(a). Further, the removing defendant "bears the burden of proving that federal jurisdiction exists." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir.2001). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The district courts of the United States have jurisdiction over diversity

2

cases in which the parties are citizens of different states and the amount in controversy is more than $75,000, not including interest and costs. 28 U.S.C. § 1332(a)(1). In the present case, the parties do not dispute that they are citizens of different states;[1] the only question is whether the amount in controversy has been satisfied.

When determining subject matter jurisdiction, a court must construe the removal statute narrowly and resolve any uncertainties in favor of remand. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).  Further, the party seeking removal bears the burden of establishing federal jurisdiction. Friedman v. N.Y. Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005).  The burden a defendant must satisfy depends upon whether the plaintiff specified the amount of damages in the complaint.  When the plaintiff has specified the amount of damages in the complaint, the removing party must show to a legal certainty that the plaintiff's claim exceeds the jurisdictional amount.  Burns, 31 F.3d at 1095.  When a plaintiff makes an unspecified claim for damages, a removing defendant has a lesser burden and must establish damages by a

---

[1]The Court notes that it also appears possible, at least facially, that the Defendant is a citizen of Georgia. If that is the case, Plaintiff could have moved to remand based on the forum defendant rule.  However, because Plaintiff did not do so, that defense has been waived. See Snapper, Inc. v. Redan., 171 F.3d 1249, 1253 (11th Cir. 1999).

3

preponderance of the evidence. Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), rev'd on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069, 1076-77 (11th Cir. 2001). A federal court cannot find that it has subject matter jurisdiction if the benefit a plaintiff could receive is "too speculative and immeasurable to satisfy the amount in controversy requirement." Leonard v. Enterprise Rent a Car, 279 F.3d 967, 973 (11th Cir. 2002).

> To determine the amount in controversy
>
> the court considers the document received by the defendants from the plaintiff – be it the initial complaint or a later received paper – and determines whether that document and the notice of removal unambiguously establish federal jurisdiction . . . . In assessing whether removal was proper in such a case, the district court has before it only the limited universe of evidence available when the motion to remand is filed – i.e., the notice of removal and accompanying documents. If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings . . . . The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars.

Lowery v. Ala. Power Co., 483 F.3d 1184, 1213-1215 (11th Cir. 2007).

The Notice of Removal states Plaintiff's previous compensation while working for Morrison ($14.84 an hour) and affirms that "[i]f Plaintiff's lost

4

wages are calculated through trial, which would likely not take place for at least another year, then Plaintiff's alleged lost wages are at least $59,589.22." (Dkt. [1] at ¶ 6). Defendant also cites Georgia verdict awards to allege that defamation claims for compensatory and punitive damages similar to Plaintiff's have resulted in damage awards "well in excess of $75,000." (Id. at ¶ 7). The issue before the Court is whether Defendant's evidence accompanying his Notice of Removal sufficiently establishes, via a preponderance of the evidence, that the amount in controversy exceeds $75,000.

     The Court finds that Defendant has failed to show that the amount in controversy could plausibly exceed $75,000.00 by a preponderance of the evidence. O.C.G.A. §34-1-3(b) requires that "[a]ny employer [that discharges an employee for attending jury duty] shall be liable to the injured employee for all *actual damages* thereby suffered by the employee." (Id. (emphasis added)). Defendant's factual allegation that Plaintiff's lost wages will be at least $59,589.22 lacks supporting evidence. (Dkt. [1]). Considering Plaintiff's actual wages, Plaintiff's opportunity to mitigate, and the statutory limitation of actual damages under O.C.G.A. § 34-1-3(b), Defendant fails to show by a preponderance of the evidence that Plaintiff's alleged lost wages of $59,589.22 are plausible.

5

Moreover, the evidence put forward by Defendant as to the potential compensatory and punitive damages that Plaintiff could receive also fails to sufficiently demonstrate the requisite amount in controversy. (Dkt. [1] Exhibit C). Defendant's Exhibit C proffers several examples of defamation damages awarded by Georgia courts that easily exceed the amount in controversy threshold. Id. However, while those cases involved defamation claims, the fact patterns are markedly different from the present case. See Gibby v. McGraw Auto Body & Frame Specialists, No. 237097WL, 2007 WL 5144911, at *1 (Ga. Super. Ct. Dec. 17, 2007) (finding damages in the amount of $1,000,000 for defamation following a breach of contract dispute between two former business partners); Mayfield v. Huffman, No. 224003WL, 2006 WL 2062086 at *1 (Ga. Super. Ct. Mar. 24, 2006) (awarding $1,140,000 in punitive and compensatory damages after Defendant defamed them in the local media); Fain v. Firestone Publ'g, No. 56361 WL, 2000 WL 33312061 at *1 (Ga. Super. Ct. Nov. 6, 2000) (awarding $800,000 in compensatory and punitive damages after a magazine published pictures of her without her permission).

Here, Plaintiff was defamed to one person (of unknown relevance to the Plaintiff) without any media exposure. Because the verdict awards presented by Defendant result from such dissimilar fact patterns from Plaintiff's case, Defendant

6

AO 72A
(Rev.8/82)

fails to adequately meet the Lowery standard for plausible factual allegations to evidence the amount in controversy. Lowery, 483 F.3d at 1213-15 (stating that if evidence is "insufficient to establish that removal was proper or that jurisdiction was present, [then] neither the defendants nor the court may speculate in an attempt to make up for the notice's failings . . . . The absence of factual allegations pertinent to the existence of jurisdiction is dispositive."). Following Leonard and Lowery, this speculative amount does not satisfy the amount in controversy requirement for diversity jurisdiction in federal court. Id.; Leonard, 279 F.3d at 973. Therefore, Plaintiff's motion to remand is **GRANTED**.

## Conclusion

For the aforementioned reasons, Plaintiff's Motion to Remand [5] and request for costs and expenses incurred in remanding the case is **GRANTED**. The Clerk shall **REMAND** the case to the Superior Court of Fulton County, Georgia. As a result of the foregoing, Plaintiff is **DIRECTED** to submit his schedule of costs and fees for filing this motion within seven (7) days of this order. Defendant will then be allowed seven (7) days to file any objection thereto.

7

**SO ORDERED**, this  13th  day of June, 2011.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)